**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CHAZ Z. RODGERS, Individually** ) | |
| **and on behalf of the Estate of** ) | |
| **Anthony D. Hudson,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:13-CV-2031-M-BH |
| ) | |
| **CITY OF LANCASTER POLICE et al.,** ) | |
| ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se in forma pauperis* case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice.

**I.  BACKGROUND**

The *pro se* individual plaintiff filed this case purportedly on behalf of herself and the estate of her son, Anthony D. Hudson, on May 30, 2013, and moved for leave to proceed *in forma paupers*. (*See* doc. 3).  By *Notice of Deficiency and Order* dated June 3, 2013, she was advised that she could not represent her son's estate *pro se*, and that it must obtain legal counsel within 14 days. (*See* doc. 10.)  The order specifically advised the individual plaintiff that to the extent that she sought to assert her own individual claims against the defendants, she could file an amended complaint within 14 days that asserted her personal claims *only*. *Id.*  The order expressly provided that failure to comply could result in the dismissal of this action.  More than 14 days since the date of the order has passed, but the individual plaintiff has still not filed an amended complaint that sets forth her own personal claims against each defendant.  In addition, no attorney has entered an appearance on behalf of her son's estate.

## II.  INVOLUNTARY DISMISSAL OF INDIVIDUAL CLAIMS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By order dated June 3, 2013, the individual plaintiff was given 14 days to file an amended complaint setting forth only her claims.  (*See* doc. 10.)  She was specifically warned that failure to do so could result in dismissal of this action.  Because she failed to follow a court order or otherwise show that she intends to proceed with any claims solely on her behalf, any claims of the individual plaintiff should be dismissed without prejudice under Rule 41(b) for failure to prosecute or follow orders of the court.

## III.  INVOLUNTARY DISMISSAL OF TRUST'S CLAIMS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  Although individuals have the right to represent themselves or proceed *pro se* under this statute, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis."  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).  A *pro se* plaintiff may not represent an estate.  *See City Bank v. Compass Bank,* No. EP-09-CV-96-KC, 2009 WL 4775104 (W.D. Tex. Dec. 10, 2009); *see also Franklin v. Garden State Life Ins.*, 462 Fed. App'x 928 (11th Cir. Mar. 22, 2012).

By order dated June 3, 2013, the individual plaintiff was advised that because she does

not appear to be licensed to practice law, she may not represent her son's estate in this action without legal representation. (*See* doc. 10.) She was also advised that she must retain counsel to represent the estate, and that if counsel had not entered an appearance on behalf of the estate within 14 days, dismissal of the trust's claims would be recommended. (*See* doc. 10.) More than 14 days have passed, but no attorney has entered an appearance on behalf of the estate.

## IV. RECOMMENDATION

The individual plaintiff's claims should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she files an amended complaint setting forth only her personal claims against each defendant within the time for objecting to this recommendation, or some other deadline set by the Court.

Because the individual plaintiff may not prosecute this complaint on behalf of her son's estate without legal counsel, the estate's claims should be dismissed without prejudice, unless licensed counsel enters an appearance on its behalf within the time for objection to this recommendation, or some other deadline set by the Court.

**SIGNED** on this 24th day of June, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                       _____
                        IRMA CARRILLO RAMIREZ
                        UNITED STATES MAGISTRATE JUDGE