IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAZ Z. RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:13-CV-2031-M-BH |
| | ) | |
| CITY OF LANCASTER POLICE et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be dismissed without prejudice for lack of jurisdiction.

**I. BACKGROUND**

On May 30, 2013, Chaz Z. Rodgers (Plaintiff) filed a complaint purportedly on behalf of herself and the estate of her son, Anthony D. Hudson, and moved for leave to proceed *in forma pauperis*. (*See* doc. 3.) By *Notice of Deficiency and Order* dated June 3, 2013, she was advised that she could not represent her son's estate *pro se*, and that she must obtain legal counsel within 14 days to proceed on behalf of the estate. (*See* doc. 10.) Plaintiff subsequently sought and was granted permission to file an amended complaint asserting only her own claims. (*See* doc. 20, 21.) She filed her first amended complaint on July 10, 2013. (*See* doc. 22.) On July 30, 2013, all claims on behalf of the estate were dismissed without prejudice. (*See* docs. 26, 27.) After receiving leave, Plaintiff filed her second amended complaint on August 7, 2013. (*See* doc. 30 "2nd Amend. Compl.")

In her second amended complaint, Plaintiff asserts claims against the Lancaster Police Department ("LPD"), four officers with the Lancaster Police Department ("Officers"), two EMTs with the Lancaster Fire Department ("EMTs"), Methodist Hospital ("Hospital"); a doctor and nurse

who work at Methodist Hospital; and Devon Candler, based on the circumstances surrounding her son's death by gunshot. (2nd Amend. Compl. at 2-3, 20, 32). She claims that: (1) the LPD and the Officers were grossly negligent in responding to the crime scene where her son was shot and in investigating the crime (Amend. Compl. at 19-31, 35-39); (2) the EMTs were grossly negligent in failing to timely diagnose and transport her son so he could receive the appropriate level of medical care (Amend. Compl. at 31-32, 39-40); (3) the Hospital, the doctor, and the nurse were grossly negligent in their medical treatment of her son (Amend. Compl. at 32-35, 40-43); and (4) Devon Candler was grossly negligent in his use of a deadly weapon that caused the death of her son. (Amend. Compl. at 44.)

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(b).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. REPRESENTATION OF SON'S ESTATE

Plaintiff purports to sue the defendants for gross negligence on her own behalf, and she seeks monetary damages for medical and funeral expenses incurred as a result of her son's shooting. (2nd Amend. Compl. at 45). Under Texas law, medical expenses incurred by the deceased before death, as well as funeral expenses, are recoverable by his estate on his behalf. *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). Plaintiff also asserts in passing that the LPD and the Officer engaged in racial profiling in their response to the crime scene and shooting. (Amend. Compl. at 21.) To the extent that she is claiming that these defendants violated her son's civil rights in violation of 42 U.S.C. § 1983, this is a claim that her son's rights were violated, not her own.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). Plaintiff may not bring this *pro se* case on behalf of her deceased son's estate. *See City Bank v. Compass Bank,* No. EP-09-CV-96-KC, 2009 WL 4775104 (W.D. Tex. Dec. 10, 2009); *see also Franklin v. Garden State Life Ins.*, 462 Fed. App'x 928 (11th Cir. Mar. 22, 2012). Plaintiff's claims on behalf of her son's estate have already been dismissed without prejudice, and she may not reassert them here *pro se.*

### IV. PLAINTIFF'S PERSONAL CLAIMS

Plaintiff also asserts claims for gross negligence and a wrongful death action under Texas

state law as her son's surviving parent, alleging that she has suffered loss of companionship and comfort, advice and guidance, and pain and suffering and mental anguish. (See 2nd Amend. Compl. at 19, ); *see also* Tex. Civ. Prac. & Rem. Code §§ 71.002, 71.004 (West 1985); *Shepherd v. Ledford*, 962 S.W. 2d 28, 31 (Tex. 1998).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, Plaintiff's wrongful death action and her claims of gross negligence arise solely under state law. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case,

4

Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). She does not allege that any of the defendants are residents of another state, and it is clear from her complaint that they are all here in Texas. She has therefore not met her burden to show that complete diversity exists between the parties, and her state law claims should be dismissed for lack of subject matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

### III.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** for lack of subject matter jurisdiction.

**SIGNED this 18th day of February, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE