IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAZ Z. RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:13-CV-2031-M-BH |
| | ) | |
| CITY OF LANCASTER POLICE et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION</u>

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for pretrial management. Before the Court for recommendation are *Party's Memorandum in Support of Motion for Relief from the Judgment*, filed February 15, 2017 (doc. 71), and *Plaintiff's Memorandum in Support of Motion to Correct Clerical Error in Judgment*, filed February 15, 2017 (doc. 72). Based on the relevant filings and applicable law, the plaintiff's motions should be **DENIED**.

**I. BACKGROUND**

On May 30, 2013, Chaz Z. Rodgers (Plaintiff) filed this action under 42 U.S.C. § 1983 against several defendants based on their response to the shooting of her son, Anthony D. Hudson, and moved for leave to proceed *in forma pauperis*. (*See* docs. 3, 5.)[1] She sued on behalf of herself and her son's estate. (*See* docs. 3, 22, 30, 52.) She was advised by *Notice of Deficiency and Order*, dated June 3, 2013, that she could not represent her son's estate *pro se*, and that she must obtain legal counsel within 14 days to proceed on behalf of the estate. (*See* doc. 10.) Plaintiff subsequently sought and was granted permission to file an amended complaint asserting only her own claims.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See* docs. 20, 21.)  She filed her first amended complaint on July 10, 2013.  (*See* doc. 22.)

On July 30, 2013, all claims on behalf of Plaintiff's son's estate were dismissed without prejudice in a partial judgment because an "individual *pro se* plaintiff may not prosecute [a] complaint on behalf of her son's estate without legal counsel." (doc. 27 at 1.)  After receiving leave, Plaintiff filed her second amended complaint on August 7, 2013.  (*See* docs. 23-25, 29-30.)

On March 13, 2014, Plaintiff's claims in her second amended complaint were *sua sponte* dismissed without prejudice for lack of jurisdiction in part because her "claims on behalf of her son's estate [were] already . . . dismissed without prejudice, and she [could] not reassert them . . . *pro se*" in her second amended complaint.  (docs. 33 at 3; 35.)  Additionally, Plaintiff's personal claims were dismissed without prejudice for lack of subject-matter jurisdiction because her "wrongful death action and her claims of gross negligence [arose] solely under state law." (doc. 33 at 4.)  That same day, a final judgment was issued dismissing Plaintiff's second amended complaint without prejudice for lack of subject-matter jurisdiction.  (doc. 36.)

On April 1, 2014, Plaintiff appealed to the United States Court of Appeals for the Fifth Circuit from the order dismissing her case without prejudice.  (doc. 37.)  Citing language in her original complaint, the Fifth Circuit found that Plaintiff had pleaded a claim under the federal civil-rights laws, "so there is federal-question jurisdiction."  *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 208 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 304 (2016).[2]  It also found as a matter of first impression that "[a] person with capacity under state law to represent an estate in a survival

---

[2] *Compare Rodgers*, 819 F.3d at 209 (noting without citation that "Rodgers alleged in her complaint, 'I intend to prove Civil Rights Violations . . . and action of bias racial profiling [sic], discrimination, gross negligence's [sic ], . . . [and] intentional misconduct.'") *with* (doc. 3 at 11 (statement in Plaintiff's original complaint that "I intend to prove Civil Rights Violations and Medical Malpractice and violations of inappropriate medical transportation . . .")).  This statement was omitted from her live second amended complaint.

action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Id.* at 211.  Accordingly, it reversed and remanded.[3]  *Id.* at 213.  The Fifth Circuit issued its mandate on May 26, 2016 (doc. 46), and the Supreme Court of the United States denied Plaintiff's petition for a writ of *certiorari* on October 11, 2016 (doc. 63).

On remand, Plaintiff was ordered to file a third amended complaint within thirty days that included allegations sufficient for a determination of whether she was her son's sole heir.  (doc. 48 at 2.)  On June 17, 2016, she moved for leave to file an affidavit in response to the district court's order. (doc. 49.)  She was sent a magistrate judge's questionnaire "in order to obtain the information requested by the order as well as additional necessary information about her claims."  (docs. 50 at 1; 51.)  Plaintiff filed her answers to the questionnaire on June 15, 2016.[4]  (*See* doc. 52.)

On January 6, 2017, it was recommended by *Findings, Conclusions and Recommendation* (FCR) that Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e)(2)(b).  (doc. 66.)  Plaintiff timely objected to the recommendation.  (doc. 68 at 1-59.)  After considering Plaintiff's objections and conducting a *de novo* review of those parts of the FCR to which "comprehensible objections" were made, the Court concluded the FCR was correct and issued an *Order Accepting Findings and Recommendation of the United States Magistrate Judge* (Order Accepting) on February 2, 2017. (doc. 69.)  A final judgment (Judgment) was issued that same day, ordering:

> Because the individual *pro se* plaintiff may not prosecute this complaint on behalf of her son's estate without legal counsel, the estate's claims are **DISMISSED** without prejudice. All of the plaintiff's individual claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which

---

[3] The Fifth Circuit expressly placed no limits on the matters that could be considered by the district court on remand. *Rodgers*, 819 F.3d at 213.

[4] Plaintiff's answers constitute an amendment to the second amended complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

relief may be granted.

(doc. 70 at 1) (emphasis in original).

On February 15, 2017, Plaintiff filed motions under Rules 60(a) and 60(b) for relief from the judgment dismissing her case. (docs. 71, 72.) She then filed a notice of appeal on February 27, 2017, appealing the dismissal of her individual claims and the claims brought on behalf of her son's estate to the Fifth Circuit. (doc. 73 at 1-2.) Her appeal is currently pending. (*See* doc. 74.)

## II.  RULE 60(a)

Plaintiff requests that the Court correct two "clerical error[s]" in its prior judgment, pursuant to Federal Rule of Civil Procedure 60(a).[5] (doc. 72 at 1.)

Rule 60(a) concerns corrections based on clerical mistakes, oversights, and omissions. Fed. R. Civ. P. 60(a).[6] According to the Fifth Circuit, the scope of Rule 60(a) is "very limited," however. *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc*., 784 F.2d 665, 668 (5th Cir. 1986) (en banc). It is available only when a mistake is clerical in nature and the "correction of an error in substantive judgment is outside the reach of Rule 60(a)." *Rutherford v. Harris Cty.*, 197 F.3d 173, 190 (5th Cir. 1999) (citing *James v. Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984) (per curiam); *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994)). It may not be used to correct a legal error

---

[5] Although Plaintiff's Rule 60(b) motion was filed before her Rule 60(a) motion, her Rule 60(a) motion will be considered first. (*See* docs. 71, 72.)

[6] Specifically, Rule 60(a) states:

> **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

or an error of judgment. *Harcon Barge*, 784 F.2d at 668-69. As explained by the Fifth Circuit in *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982):

> Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature. If of this sort, it matters not whether the magistrate committed it—as by mistakenly drafting his own judgment—or whether his clerk did so; the law does not regard such trifles. In such instances the judgment can be corrected to speak the truth.

*Id.* at 114 (citations omitted).

Here, Plaintiff argues that the judgment contains two "clerical errors", i.e., that it was an error to dismiss her case, and that the dismissal of her claims was in error in light of her objections to the FCR. (*See* doc. 72 at 2, 4.)[7] She also appears to argue that the FCR was not consistent with the opinion of the Fifth Circuit in remanding the case back the district court. (*See id.* at 3-4, 7-8) ("The judgment signed by Barbara Lynn, Chief Judge, continue to violate the Fifth Circuit Appeal Court decision on docket 14-10402 that appellant premise was persuasive plaintiff, pro se, can represent estate's as sole beneficiary and her own claim without legal representation."). Because Plaintiff takes issue with the legal analysis and reasoning of the FCR and the Order Accepting, these errors, if true, would be errors in judgment—not "of the sort that a clerk or amanuensis might commit."[8] Plaintiff's Rule 60(a) motion should therefore be denied.

---

[7] Plaintiff also mentions service of process in her motion, but her claims were not dismissed on that ground, so there was no clerical error related to service of process. (docs. 66; 72 at 2-3.)

[8] Plaintiff also references *Methodist Hospital of Dallas' Motion to Dismiss or Alternatively Quash Service and Brief in Support*, filed July 18, 2016 (doc. 53) and *Methodist Hospitals of Dallas' Second Motion to Dismiss or Alternatively Quash Service and Brief in Support*, filed August 15, 2016 (doc. 55), which were denied as moot in light of the dismissal under 28 U.S.C. § 1915(e)(2)(b). To the extent that she is also arguing that it was a clerical error to not to reach the merits of these motions, that argument would also implicate the entire analysis of the FCR and would therefore be an error in judgment outside the scope of Rule 60(a). *See Fine*, 2009 WL 2195824, at *2 (noting "Rule 60(a) may not be used to correct a legal error or an error of judgment; it may only correct an error of recitation").

### III.  RULE 60(b)

Plaintiff next requests that the Court vacate the dismissal and reopen her case under Federal Rule of Civil Procedure 60(b)(1), (4), and (5).  (doc. 71.)

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)-(6).

### A.    <u>Rule 60(b)(1)</u>

Under Rule 60(b)(1), a court may relieve a party from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "One purpose of Rule 60(b)(1) is to permit the trial court to reconsider and correct 'obvious errors of law' without forcing the parties to engage the machinery of appeal."  *United States v. 329.73 Acres of Land*, 695 F.2d 922, 925 (5th Cir. 1983) (citation omitted).  "The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate," *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001), and "a party cannot have relief under Rule 60(b)(1) merely because [s]he is unhappy with the judgment," *see Chick Kam Choo v. Exxon Corp.*, 699 F.2d at 693, 695 (5th Cir. 1983) (citation omitted).  For example, Rule 60(b)(1) has been used by courts to correct errors in calculating interest when granting motions for summary judgment, but not when the "motion does nothing more than reassert and reargue issues [the] Court has already ruled on."

*See, e.g., Parr v. United States*, No. C.A. C-01-252, 2003 WL 1964205, at *2 (S.D. Tex. Mar. 24, 2003); *Edwards v. Wyatt*, No. A-07-CA-1008 RP, 2010 WL 11506606, at *3 (W.D. Tex. Jan. 22, 2010). Additionally, the Fifth Circuit has cautioned that "the utility of Rule 60(b)(1) is limited by the desire for finality of judgments and predictability of judicial process." *329.73 Acres*, 695 F.2d at 925.

Here, Plaintiff seeks relief under Rule 60(b)(1) because of the "omission of doc. 68," i.e., her objections to the FCR, and that the FCR "did not line up [with] the rule of law identified" in the Fifth Circuit's opinions reversing and remanding the case.[9]  (doc. 71 at 1-2.) Plaintiff's objections were considered and rejected by the Court in issuing its Order Accepting and the Judgment, however.  (doc. 69 at 1.) Additionally, the FCR considered in-detail the Fifth Circuit's opinion in remanding the case, Texas intestacy law, and Plaintiff's allegations regarding potential legal heirs before finding that "Plaintiff may not bring [a] *pro se* case on behalf of her deceased son's estate *because there is at least one other legal heir*."  (*See* doc. 66 at 7-9) (emphasis added).[10]

---

[9] Plaintiff actually states that she "seeks relief from this judgment because of mistake by Magistrate Ramirez omission of doc. 68 Motion Objection to Magistrate Recommendation for plaintiff claim of relief 'plausibility' on it's [sic] face for a remedy of the court to review."  (doc. 71 at 1.)  The objections were made subsequent to the issuance of the FCR, they could not have been considered.  This argument will therefore be considered as having been made against the Order Accepting and Judgment.

[10] Specifically, the FCR explained:

> Plaintiff alleges that her son was 15 years old when he died, he did not have a will, he was not married, and he had neither biological nor adopted children.  (doc. 52 at 14.)  She does not allege that her son's father predeceased him, that his parental rights were relinquished, or that he is otherwise not entitled to a share of his son's estate under Texas law, if living.  *See Ramirez ex rel. Ramirez v. Bexar Cty.*, No. SA-10-CV-0296 FB (NN), 2011 WL 4565473, at *2 (W.D. Tex. Sept. 29, 2011).  She also does not allege that her son has no siblings through his father.  (doc. 52 at 14.)  Because Plaintiff has not alleged that she would be her son's sole heir, she would also be representing other legal heirs of her son's estate in this pro se action.

(doc. 66 at 9) (footnote omitted).  As part of her objections, Plaintiff states that her son's father predeceased him and that "[t]he paternal father leaves one daughter."  (doc. 68 at 18.)  She did not make these allegations in her second amended complaint or her amendment to the second amended complaint.  (*See* docs. 30, 52.)  Nevertheless, they do not change the analysis in the FCR because her son had at least one half sibling.  (*See* doc. 66 at 8) (citing Tex. Est. Code Ann. §

Accordingly, Plaintiff's motion does nothing more than reassert and reargue issues this Court has already addressed. Her disagreement with the Court's prior ruling is simply not enough to merit relief under Rule 60(b)(1). *See Chick Kam Choo*, 699 F.2d at 695 (noting "a party cannot have relief under Rule 60(b)(1) merely because [s]he is unhappy with the judgment") (citation omitted).

**B.     Rule 60(b)(4)**

Under Rule 60(b)(4), a party is entitled to relief from a judgment that is void. Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has recognized two circumstances under which a district court's judgment may be set aside under Rule 60(b)(4) as void: (1) if the district court lacked subject matter or personal jurisdiction over the case or (2) if the district court acted in a manner contrary to due process. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural irregularities during the course of the civil case will not subject the judgment to collateral attack. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). The Fifth Circuit has further explained, "[u]nder our system of justice, the opportunity to be heard is the most fundamental requirement." *Id.*; *accord Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard.").

Here, Plaintiff alleges that "[t]he judgment in this case is void because the Court acted inconsistently with the due process of law." (doc. 71 at 2.) She claims that her due process rights were violated because the case was dismissed on judicial screening before going to trial. (*Id.*) ("Currently the judgment by Judge Lynn is a true violation of due process and miscarriage of justice because plaintiff have [sic] been deprived of a trial to determine claim on merits for the second

---

201.001(d) (West 2014)).

8

time.").  Although she generally references due process violations in dismissing her case, she has

neither alleged nor shown that this Court lacked jurisdiction or that it acted contrary to due process

of law.

 In rejecting a similar due process argument in light of Rule 60(b)(4), another court within

this district stated, "a party must state a claim upon which relief may be granted prior to being

entitled to an opportunity to present argument or evidence." *Thomas v. Am. Broad., Inc.*, No.

4:09-CV-744-Y, 2010 WL 334997, at *2-3 (N.D. Tex. Jan. 26, 2010).  As a party proceeding *in*

*forma pauperis*, Plaintiff's complaint was subject to review and *sua sponte* dismissal under 28

U.S.C. § 1915(e)(2)(B).  The procedures for judicial screening and a *sua sponte* dismissal were

followed in this case, including giving Plaintiff an opportunity to object to the FCR and to have her

timely objections considered by the Court.  Accordingly, she is not entitled to relief under Rule

60(b)(4).

## C. Rule 60(b)(5)

 Federal Rule of Civil Procedure 60(b)(5) provides that a court may relieve a party from a

final judgment when "the judgment has been satisfied, released or discharged; it is based on an

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

equitable." Fed. R. Civ. P. 60(b)(5).  "[A] decision is 'based on' a prior judgment when it is 'a

necessary element of the decision, giving rise, for example, to the cause of action or a successful

defense.'" *Lowry Dev., LLC v. Groves & Assocs. Ins. Inc.*, 690 F.3d 382, 386 (5th Cir. 2012)

(citations omitted); *accord Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990).

 Here, Plaintiff argues "[she] is entitled to relief because an earlier judgment, which this

judgment is *based on*, has been reversed." (doc. 71 at 3) (emphasis added).  Specifically, she relies

on the opinion of the Fifth Circuit reversing and remanding the case prior to the issuing of the FCR.[11] (*Id.* at 3-4.)  The FCR, Order Accepting, and Judgment were not based on the decision vacated by the Fifth Circuit, however.  Rather, they were prepared in light of the Fifth Circuit's opinion, including the issue that it decided as a matter of first impression, and Plaintiff's second amended complaint and amendments to the second amended complaint, which was made post-remand.  Accordingly, the judgment was not "based on an earlier judgment that [was] reversed or vacated."  Rule 60(b)(5) is therefore inapplicable on its face.

## IV.  RECOMMENDATION

Plaintiff's Rule 60(a) and Rule 60(b) motions should be **DENIED**.

**SO RECOMMENDED** on this 24th day of July, 2017.



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[11] Specifically, Plaintiff states:

> Fifth Circuit Court of Appeal previously addressed the same issue Judge Lynn is citing in judgment, order, adjudged, and decree which states prose plaintiff can not represent complaint on behalf of her son's estate without legal counsel and estate's claim are dismissed without prejudice. Such demand violates a previous appellate decision which given plaintiff the right and privilege to represent on behalf of son's estate and given legal grounds to stand on plaintiff on behalf of survival action, wrongful death, and FTCA etc.

(doc. 71 at 3-4.)

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11